IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SAM J. PEARSON IV,
    Plaintiff,

vs.          Case No.: 3:11cv70/MCR/EMT

JUDGE DAVID RIMMER,
    Defendant.

---

## O R D E R and
## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. § 1983, and his motion to proceed in forma pauperis and response to the court order concerning same (Docs. 1, 2, & 6). Although Plaintiff's response to the court order is not directly responsive, for purposes of entry of this recommendation, leave to proceed in forma pauperis will be granted.

Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Because the language of § 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. See Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action,"

and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).

In this case, the lone Defendant in this action is Santa Rosa Circuit Judge David Rimmer. Plaintiff explains that on January 20, 2011, he filed a "Notice of No Jurisdiction" to the Clerk of Court (Doc. 1 at 3).[1] Later that day, in court, he also argued that the court did not have jurisdiction, and demanded that the case be dismissed (*id.*). Judge Rimmer did not dismiss the case, and instead ordered Plaintiff to return for trial on February 14, 2011, allegedly warning Plaintiff that if he failed to appear he would be imprisoned without bail (*id.*). Plaintiff also complains that when he appeared in court on January 20, 2011, the person he had brought to assist him was not allowed to do so, because she or he was not licensed by the Florida Bar, and instead Plaintiff was "forced to accept the Public Defender" (*id.*). Finally Plaintiff complains that he was not allowed to record the proceedings and that Judge Rimmer denied his request for free transcripts of the proceeding (*id.*).

Plaintiff contends that he was denied due process when Judge Rimmer declined to dismiss the case against him in the absence of jurisdiction, failed to make findings of fact or conclusions of law, and failed to allow an unlicensed individual to represent Plaintiff at the proceedings (Doc. 1 at 4). Plaintiff seeks injunctive relief barring Judge Rimmer from presiding over his case, punitive and monetary damages, legal fees, and any other relief this court finds just and proper (*id.*).

---

[1] Although Plaintiff does not provide any factual detail about the pending state court proceeding, after reviewing court records published on the website for the Santa Rosa Clerk, the case in question appears to involve pending charges for felony Driving While License Suspended, Cancelled or Revoked, 3rd or Subsequent offense. This case is ongoing. *See* http://www2.myfloridacounty.com/ccm/do/docket?county=57&data=27a0a3e5394be7967d491baa7dfad24a, case number 572010CF000835XXAXMX.

Plaintiff's claim for damages cannot stand because Judge Rimmer is immune from suit. 28 U.S.C. § 1915(e)(2)(B)(iii). Judges acting in their judicial capacity are absolutely immune from damages suits. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (citing Mitchell v. Forsyth, 472 U.S. 511, 526–27, 105 S. Ct. 2806, 2815–16, 86 L. Ed. 2d 411 (1985)); Dennis v. Sparks, 449 U.S. 24, 27, 101 S. Ct. 183, 186, 66 L. Ed. 2d 185 (1980); see also Sibley v. Lando, 437 F.3d 1067,1070 (11th Cir. 2005). Whether a judge's actions were taken while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. Sibley, 437 F.3d at1070. "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. (quoting Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000)); Mireles, 502 U.S. at 11, 112 S. Ct. at 288 (judicial immunity not overcome by allegations of bad faith or malice). Furthermore, the immunity is retained even if it is alleged that the judge conspired with other parties to bring about a deprivation of another's rights. Dykes v. Hosemann, 776 F.2d 942, 946 (11th Cir. 1985) (en banc) (citations omitted). Sibley, 437 F.3d at 1070. Immunity may be overcome only: (1) where the judge has not acted within his judicial capacity; or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction over the subject matter. Stump v. Sparkman, 435 U.S. 349, 356–57, 98 S. Ct. 1099, 1104–05, 55 L. Ed. 2d 331 (1978) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)); Mireles, 502 U.S. at 11, 112 S. Ct. at 288; Forrester v. White, 484 U.S. 219, 227, 108 S. Ct. 538, 544, 98 L. Ed. 2d 555 (1988); Dykes, 776 F.2d at 948 (judge who has subject matter jurisdiction, but no personal jurisdiction, retains immunity) (citing cases in accord). Plaintiff's conclusory assertion that there was an "absence of jurisdiction" over a routine felony traffic related offense does not suffice to pierce the protective cloak of immunity.

To the extent Plaintiff wants this court to intervene in ongoing state court proceedings, the complaint must be dismissed, because Plaintiff's claim lacks even an arguable basis in law. Federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary

circumstances and upon a clear showing of both great and immediate harm.  <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *see also*, <u>Hicks v. Miranda</u>, 422 U.S. 332, 349, 95 S. Ct. 2281, 45 L. Ed. 2d 223 (1975); <u>Luckey v. Miller,</u> 976 F.2d 673, 677–78 (11th Cir. 1992); <u>Christman v. Crist</u>, 315 Fed. Appx. 231 (11th Cir. 2009).[2] <u>Younger</u> abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *See* <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982).  Abstention is clearly appropriate in this case.

 "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."  <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005).  "A district court need not, however, allow an amendment: (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001).  In this case, amendment would be futile, and therefore dismissal is appropriate.

 Accordingly, it is **ORDERED**:

 Plaintiff's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

 And it is respectfully **RECOMMENDED:**

 That this cause be **dismissed with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

 At Pensacola, Florida, this <u>25</u>th day of March 2011.


 */s/ Elizabeth M. Timothy*
 **ELIZABETH TIMOTHY**
 **UNITED STATES MAGISTRATE JUDGE**

---

 [2] The undersigned cites this case only as persuasive authority to show the continued application of <u>Younger</u> in this circuit and recognizes that the opinion is not considered binding precedent.  *See* 11th Cir. R. 36-2.

Case No: 3:11cv70/MCR/EMT

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).